IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WASHINGTON HICKS, #665051,<br>    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:10-CV-2050-P (BK) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

### I. BACKGROUND

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice at the Ramsey Unit in Rosharon, Texas. Respondent is the TDCJ Director. The court did not issue process in this case.

Following his plea of not guilty, a jury convicted Petitioner of murder and assessed his punishment at life imprisonment. *See State v. Hicks*, No. F03-21910-Q (204th Jud. Dist. Court, Dallas County Jan. 29, 2007). Petitioner appealed. On June 17, 2008, the Court of Appeals affirmed his conviction, and on September 10, 2008, the Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. *See Hicks v. State*, No. 05-07-00313-CR (Tex. App. – Dallas Jun. 17, 2008, pet ref'd) (op., not designated for publication). On June 9, 2009, Petitioner filed a state habeas application in the convicting court pursuant to Article 11.07

of the Texas Code of Criminal Procedure. *See Ex parte Hicks*, No. W03-21910. The TCCA dismissed the state application for non-compliance on July 28, 2010. *See Ex parte Hicks*, No. WR-18,190-08.[1]

In his federal petition, filed on October 8, 2010, Petitioner challenges his underlying conviction. In three grounds, he alleges ineffective assistance of appellate counsel and a due process violation stemming from the trial court's denial of his motion to suppress.[2]

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article

---

[1] The office of the undersigned verified all dates set out in this recommendation on the basis of information available on the Dallas County, Fifth District Court of Appeals, and Texas Court of Criminal Appeals websites.

[2] For purposes of this recommendation, the petition is deemed filed on October 4, 2010, the date on which Petitioner signed and purportedly handed this petition to prison officials for mailing. (Pet. at 7).

11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. While he avers raising his claims in his state habeas application, the TCCA dismissed that application as non-complying on July 28, 2010. *See Ex parte Hicks*, No. WR-18,190-08. Therefore, the TCCA has not had an opportunity to consider the merits of the claims which Petitioner raises in this petition, and they remain unexhausted. Having failed to exhaust, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus relief be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[3]

SIGNED October 22, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE